IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:19-cr-50(2) |
| Plaintiff, | : | |
| | : | Judge Matthew W. McFarland |
| v. | : | |
| WAYMAN EUGENE STEPP, | : | |
| Defendant. | : | |

**ORDER DENYING DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE (Doc. 169)**

This matter is before the Court on Defendant Wayman Stepp's Motion to Terminate Supervised Release (Doc. 169). For the foregoing reasons, Defendant's Motion (Doc. 169) is **DENIED**.

## BACKGROUND

On March 9, 2022, Defendant Wayman Stepp was sentenced in the Southern District of Ohio to time served and five years of supervised release for Count 1 of the Indictment, Conspiracy to Possess with Intent to Distribute a Detectable Amount of Fentanyl. (Judgment, Doc. 113.) In his Motion, Stepp indicates that he wishes to visit his sick mother in Arizona, but the conditions of his supervision prevent him from doing so. (Motion, Doc. 169.) As such, he requests that the Court terminate his supervised release.

## LAW & ANALYSIS

District courts have the discretionary authority to terminate a term for supervised release after that defendant has served one full year on supervised release. 18 U.S.C. §

3583(e)(1); *United States v. Suber*, 75 F.Appx. 442, 443 (6th Cir. 2003). "When that statutory requirement is met, a district court may grant early termination of supervised release if it concludes that such relief 'is warranted by both the individual's conduct and also by the interest of justice.'" *United States v. Zai*, No. 22-3371, 2022 U.S. App. LEXIS 35495, at *13 (6th Cir. Dec. 21, 2022) (citing *Suber*, 75 F.Appx. at 444). When considering an individual's conduct, "where the defendant shows changed circumstances, such as exceptionally good behavior[,]" early termination of supervised release may be warranted. *United States v. Atkin*, 38 F.Appx. 196, 198 (6th Cir. 2002). In analyzing the interest of justice, the Court considers the following factors set forth in 18 U.S.C. § 3553(a):

1. The nature and circumstances of the offense and the history and characteristics of the defendant;

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct;

3. The need for the sentence imposed to protect the public from further crimes of the defendant;

4. The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

5. The kinds of sentence and the sentencing range established for [the defendant's crimes];

6. Any pertinent policy statements issued by the Sentencing Commission;

7. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

8. The need to provide restitution to any victims of the offense.

18 U.S.C. § 3583(e).

Applying this analysis, the Court concludes that an early termination of Stepp's supervised release is unwarranted. Although he has satisfied the one-year requirement and has served about three years of the five-year term, the Court finds that termination of his term would be inappropriate. Indeed, the § 3553 factors weigh against early termination. First, the nature and circumstances of his original crime were serious, and Stepp's history and characteristics since receiving the sentence reveal several lapses into criminal conduct. (*See* Arrest Warrants, Docs. 121, 137, 153, 156.) In fact, Stepp is set for a Final Hearing on Supervised Release Violations on September 11, 2025, before this Court. (*See* 8/5/2025 Notice of Hearing.) While the Court is sympathetic to Stepp's desire to visit his ailing mother, Stepp's conduct and the interests of justice do not warrant early termination of his supervised release.

## CONCLUSION

For the reasons above, the Court **DENIES** Defendant's Motion to Terminate Supervised Release (Doc. 169).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND